IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHERINE DEMETRO,<br>500 G Street SW, Apt B,<br>Washington, DC 20024,<br><br>and<br><br>LINDA FEENEY,<br>500 G Street SW, Apt B,<br>Washington, DC 20024,<br><br>and<br><br>NICOLE LOY,<br>3609 38th Street NW, #306,<br>Washington, DC 20016,<br><br>and<br><br>KIM DICKENS,<br>279 W 117th Street, #3V,<br>New York, NY 10026,<br><br>and<br><br>ARAMIS PENLAND,<br>1155 Merrill St., Apt 206,<br>Menlo Park, CA 94025,<br><br>and<br><br>MADISON BRUMBAUGH,<br>3901 Connecticut Ave NW, Apt 306,<br>Washington, DC 20008,<br><br>and<br><br>MARILYN TOMSIC,<br>4201 Cathedral Avenue NW, #207E,<br>Washington, DC 20016,<br><br>and | Case No. _____ |

6067442v1

DAMALI BAXTER,
3621 38th Street NW, #201,
Washington DC 20016,

and

KATE KOVAROVIC,
3800 Rodman Street NW, #303,
Washington DC 20016,

and

BRITTANY BAINE,
3611 38th Street NW, #401,
Washington DC 20016,

and

BRUNO MUSCOLINO,
5185 MacArthur Blvd. NW, Suite 428,
Washington DC 20016,

and

CLAIR SCHAUB,
3625 38th Street NW, #102,
Washington DC 20016,

and

KONRAD SCOTT-LUDWIG,
3839 Rodman St. NW, Apt B-32,
Washington DC 20016,

and

CHRISTOPHER A. HARRIS,
1390 Kenyon St NW, Apt 413,
Washington, DC 20010,

and

SHAHRZAD RASTEGAR,

6067442v1

3615 38th St NW, #403,
Washington, DC 20016,

and

TAMMY MACDONALD,
3623 38th St NW, #102,
Washington, D.C. 20016,

and

SHAYDA SAFIKHANI,
3617 38th St NW, #406,
Washington D.C. 20016,

and

TOMAS GONZALEZ GINESTET,
3625 38Th St NW, Apt 202,
Washington D.C. 20016,

and

JUSTIN CONGLETON,
3401 38th St NW, #707,
Washington D.C. 20016,

and

JESSICA SARKIS,
3401 38th St NW, #707,
Washington D.C. 20016,

and

VALERIE EVANS,
3621 38th St NW, #101,
Washington D.C. 20016,

and

MARIA EMANUEL,
3625 38th Street NW, # 201,
Washington D.C. 20016,

| | |
|---|---|
| and<br><br>**MARLENE MARMOL,**<br>3625 38th Street NW, # 201,<br>Washington D.C. 20016,<br><br>*On Behalf of Themselves and all Others Similarly Situated,*<br><br>    *Plaintiffs,*<br><br>v.<br><br>**VAUGHAN MCLEAN, LLC,**<br>115 Broadway, Suite 1705,<br>New York, NY 10006,<br><br>and<br><br>**VAUGHAN PLACE, LLC,**<br>4582 S. Ulster St., Ste. 1700,<br>Denver, CO 80237,<br><br>and<br><br>**BSPRT CRE FINANCE, LLC,**<br>1345 Avenue of the Americas, Suite 32A<br>New York, NY 10105,<br><br>and<br><br>**LAWYERS TITLE REALTY SERVICES INC., TRUSTEE,**<br>7130 Glen Forest Drive, Suite 300,<br>Richmond VA 23226,<br><br>    *Defendants.* | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Lawyers Title Realty Services, Inc., Trustee ("Lawyers Title") hereby removes this civil action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. Removal is proper, and this Court has jurisdiction, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

In further support of this Notice of Removal, Lawyers Title states:

## PROCEDURAL HISTORY

1. On June 20, 2024, the twenty-three named Plaintiffs (on behalf of themselves and all others similarly situated) filed a Complaint in the Superior Court of the District of Columbia, captioned *Katherine Demetro, et al., On Behalf of Themselves and all Others Similarly Situated v. Vaughan McLean, LLC, et al.*, Civil Action No. 2024-CAB-003941 (the "Action"). A copy of the Complaint is attached as Exhibit 1.

2. The Complaint purports to assert six causes of action against Defendants in the Action relating to the Plaintiffs' alleged opportunity to purchase certain residential property in the District of Columbia under the District of Columbia Tenant Opportunity to Purchase Act (TOPA), D.C. Code §§ 42-3404.01 *et seq*.: (1) common law fraud and civil conspiracy (Ex. 1, ¶¶ 89-94); (2) intentional interference with contractual relations (Ex. 1, ¶¶ 95-99); (3) violations of the District of Columbia consumer Protection Procedures Act (Ex. 1, ¶¶ 100-112); (4) declaratory and equitable relief (Ex. 1, ¶¶ 113-120); (5) legal and equitable damages under the Tenant Opportunity to Purchase Act (Ex. 1, ¶¶ 121-130) and (6) class action (Ex. 1, ¶¶ 131-145).

3.      The twenty-three named Plaintiffs seek relief on their own behalf and on behalf of a putative class of "at least 389 members of the Proposed Class, the exact number and their identities being known to Defendants." (Ex. 1, ¶ 140). The Complaint seeks compensatory damages, punitive damages, treble damages, attorneys' fees and costs, declaratory relief and injunctive relief. (Ex. 1 at 38-39).

4.      On July 23, 2024, Plaintiffs filed a Notice of Dismissal against lender BSPRT JPM Loan, LLC. Upon information and belief, Plaintiffs intend to dismiss lender BSPRT CRE Finance, LLC and amend their Complaint to include new lender Wells Fargo Bank, NA.

5.      Exhibits 1-18 constitute all papers filed in the District of Columbia Superior Court in the Action, and are attached hereto pursuant to 28 U.S.C. § 1446(a). These papers include: the Complaint (Ex. 1), the Summonses against all Defendants (dated June 25, 2024) (Ex. 2-6), the Initial Order and Addendum of the Superior Court containing the case assignment and date of Initial Conference (Ex. 7), the Affidavits of Service as to all Defendants (Ex. 8-12), the Praecipe of Defendants Vaughan McLean LLC and Vaughan Place LLC to extend time to file a responsive pleading (Ex. 13), the Praecipe of Defendant Lawyers Title to extend time to file a responsive pleading (Ex. 14), the Motion to Extend Time to Answer filed by Defendants BSPRT CRE Finance, LLC and BSPRT JPM Loan, LLC (Ex. 15), the two praecipes of dismissal for lender BSPRT JPM Loan, LLC (Ex. 16-17), and the Order granting the Motion to Extend Time to Answer filed by Defendants BSPRT CRE Finance, LLC and BSPRT JPM Loan (Ex. 18). Attached as Exhibit 19 is the Docket Sheet summary for the Action, prepared by the Superior Court.

PARTIES

6. According to the Complaint, Plaintiff Kim Dickens is a citizen of New York. According to the Complaint, Plaintiff Aramis Penland is a citizen of California. According to the Complaint, the remaining Plaintiffs are citizens of Washington, DC.

7. Defendant Vaughan Place, LLC is a Delaware limited liability company, with its principal place of business in Colorado. Defendant Vaughan McLean, LLC is a Delaware limited liability company, with its principal place of business in New York. *See* 28 U.S.C. § 1332(c)(1).

8. Defendant BSPRT CRE Finance, LLC is a Delaware limited liability company, with its principal place of business in New York. *See* 28 U.S.C. § 1332(c)(1).

9. Defendant Lawyers Title is a Virginia corporation, with its principal place of business in Virginia. *See* 28 U.S.C. § 1332(c)(1).

10. Plaintiffs' purported class definitions include "[a]ll tenants who resided in Vaughan Place as of anytime between July 30 through August 2, 2021 in any unit then owned by Vaughan McLean LLC." (Ex. 1, ¶ 138). Plaintiffs describe the size of the purported class as follows: "Due to the sheer size of Vaughan Place and the estimated four hundred (400) units sold by Vaughan McLean LLC to Vaughan Place, LLC, based on information and belief, Class Plaintiffs believe there are at least 389 members of the Proposed Class, the exact number and their identities being known to Defendants." (Ex. 1, ¶ 140).

## TIMELINESS OF REMOVAL

11. Plaintiffs served the Complaint and Summons on Lawyers Title on June 27, 2024. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b) and § 1453(b).

## BASIS FOR REMOVAL

12. This Court has jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d). As detailed below, this case is a purported class action in which (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (2) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

13. The Action is a "class action" for purposes of CAFA because Plaintiffs purport to bring their action on behalf of themselves and a proposed class of similarly situated persons. (Ex. 1, ¶¶ 131-145). *See* 28 U.S.C. § 1332(d)(1)(B).

14. CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state other than any defendant's state of citizenship. 28 U.S.C. § 1332(d)(2)(A). As indicated above, such diversity exists here.

15. The proposed classes consist of "[a]ll tenants who resided in Vaughan Place as of anytime between July 30 through August 2, 2021 in any unit then owned by Vaughan McLean LLC." (Ex. 1, ¶ 138).

16. According to the Plaintiffs, "Class Plaintiffs believe there are at least 389 members of the Proposed Class, the exact number and their identities being known to Defendants." (Ex. 1, ¶ 140).

17. CAFA requires that "the matter in controversy exceed[] the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2). "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

18. CAFA's amount in controversy threshold is met because Plaintiffs' request "a judgment of at least $14,586,169.00 against the Defendants, jointly and severally, and in favor of Plaintiffs and the Proposed Class." (Ex. 1 at 38).

19. Lawyers Title does not concede that Plaintiffs' claims have any merit, and reserves the right to assert all applicable defenses in this matter.

20. For the foregoing reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d), and this action is removable pursuant to 28 U.S.C. §§ 1441, 1453.

21. This case may be removed to this Court under 28 U.S.C. § 1446(a) because the Complaint was filed in the Superior Court of the District of Columbia.

22. Pursuant to 28 U.S.C. § 1446(d), Lawyers Title will file this Notice of Removal with the Superior Court of the District of Columbia, and will thereby notify the Clerk of said court of this removal.

23. A copy of the Notice to State Court of Removal to be filed with the Superior Court of the District of Columbia is attached hereto as Exhibit 20 (without attachments).

6067442v1

Lawyers Title will serve a copy of this Notice of Removal on Plaintiffs in accordance with 28 U.S.C. § 1446(d).

24.  A civil cover sheet for this case is attached hereto as Exhibit 21.

WHEREFORE, the Action filed in the Superior Court of the District of Columbia, Civil Action No. 2024-CAB-003941, is hereby removed to the United States District Court for the District of Columbia.

Date:  July 26, 2024                    Respectfully submitted,

*/s/ Nathan J. Bresee*
Nathan J. Bresee, Esq. (No. 991640)
Brian W. Thompson, Esq. (No. 496467)
Jackson & Campbell, P.C.
2300 N Street NW, Suite 300
Washington, D.C. 20037
(202) 457-1600
nbresee@jackscamp.com
bwthompson@jackscamp.com
*Counsel for Defendant*
*Lawyers Title Realty Services, Inc., Trustee*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of July 2024, true and correct copies of the foregoing Notice of Removal and Exhibits 1-21 were served via First-Class Mail on the following counsel of record:

Andrew P. McGuire, Esq.
In Rem PLLC
810 7th Street NE, Suite 3B
Washington DC 20002
*Counsel for Plaintiff*

Aristotle Theresa, Esq.
Stoop Law PLLC
1604 V Street SE
Washington DC 20020
*Co-counsel for Plaintiffs*

Constantinos Panagopoulos, Esq.
Sarabeth Rangiah, Esq.
Ballard Spahr, LLP
1909 Street NW, 12th Floor
Washington, D.C. 20006
*Attorneys for Defendants Vaughan McClean LLC and Vaughan Place LLC*

Spencer B Ritchie, Esq.
GREENSTEIN DELORME & LUCHS, P.C.
801 17th Street, N.W., Suite 1000
Washington, DC 20006
*Counsel for BSPRT CRE FINANCE, LLC*

                                           */s/ Nathan J. Bresee*
                                           Nathan J. Bresee

6067442v1