**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
06/27/2024
CT Log Number 546754293

## Service of Process Transmittal Summary

**TO:**     Title Claims
Fidelity National Financial, Inc.
3210 EL CAMINO REAL STE 200
IRVINE, CA 92602-1368

**RE:**     **Process Served in District of Columbia**

**FOR:**    Lawyers Title Realty Services, Inc.  (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KATHERINE DEMETRO Individually, and on behalf of herself and all others similarly situated, LINDA FEENEY Individually, and on behalf of herself and all others similarly situated, NICOLE LOY Individually, and on behalf of herself and all others similarly situated, KIM DICKENS Individually, and on behalf of herself and all others similarly situated, ARAMS PENTLAND Individually, and on behalf of himself and all others similarly situated vs. VAUGHAN McLEAN LLC |
| **DOCUMENT(S) SERVED:** | Summons, Initial Order, Information Sheet, Complaint |
| **COURT/AGENCY:** | Superior Court of the District of Columbia - Civil Division, DC
Case # 2024CAB003941 |
| **NATURE OF ACTION:** | Violations of the District of Columbia Consumer Protection Procedures Act |
| **PROCESS SERVED ON:** | C T Corporation System, Washington, DC |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/27/2024 at 14:31 |
| **JURISDICTION SERVED:** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service of this summons upon you, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Andrew P. McGuire
In Rem PLLC
810 7th Street NE
Suite 3B
Washington, DC 20002
202-618-3461 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/28/2024, Expected Purge Date: 07/03/2024

Image SOP

Email Notification,  Title Claims  titleclaims@fnf.com

Email Notification,  Samantha Lippold  samantha.lippold@fnf.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
1015 15th Street, NW
Suite 1000
Washington, DC 20005
877-564-7529
MajorAccountTeam2@wolterskluwer.com |



**CT Corporation**
**Service of Process Notification**
06/27/2024
CT Log Number 546754293

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Thu, Jun 27, 2024
**Server Name:**              Drop Service

| Entity Served | LAWYERS TITLE REALTY SERVICES INC. |
|---|---|
| Case Number | 2024CAB003941 |
| Jurisdiction | DC |

| Inserts | | |
|---|---|---|
| | | |





**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

KATHERINE DEMETRO et al.
_____
                                    Plaintiff

vs.
                                                    Case Number No. 2024-CAB-003941

LAWYERS TITLE REALTY SERVICES INC., TRUSTEE
Serve: CT CORPORATION SYSTEM                    Defendant
1015 15TH Street NW, Suite 1000
Washington D.C. 20005                    **SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Andrew McGuire, Esq.
_____            *Clerk of the Court*
Name of Plaintiff's Attorney

810 7th Street NE, Suite 3B
_____    By _____
Address                                                Deputy Clerk
Washington DC 20002

(202) 618-3461
_____    Date            June 25, 2024
Telephone
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오.      ፣ኣማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4

### Superior Court of the District of Columbia
### Civil - Civil Actions Branch
### 500 Indiana Ave NW, Room 5000, Washington DC 20001
### (202) 879-1133 | www.dccourts.gov

**Case Number:** 2024-CAB-003941

**Case Style:** Katherine Demetro et al.  v.  Vaughan McLean LLC et al.

## INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 09/20/2024 | 9:30 AM | Remote Courtroom 318 |
| **Please see attached instructions for remote participation.** | | |
| **Your case is assigned to Associate Judge Milton C Lee.** | | |

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4) At the time stated above, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website https://www.dccourts.gov/.

Chief Judge Anita M. Josey-Herring

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

    Link: dccourts.webex.com/meet/ctb318

    Meeting ID: 129 801 7169

2) When you are ready, click "Join Meeting".

3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.


**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)

2) Enter the Webex Meeting ID listed above followed by "##"


**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.

2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.

3) For case questions, call the Civil Actions Branch Clerk's Office at (202) 879-1133.

Case 1:24-cv-02199-APM    Document 1-1    Filed 07/26/24    Page 7 of 47    eFiled
6/20/2024 2:01:14 PM
Superior Court
of the District of Columbia

# Superior Court of the District of Columbia

### CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

Katherine Demetro et al.
_____
Plaintiff(s)

vs

Vaughan McLean LLC et al.
_____
Defendant(s)

Case Number: _____ **2024-CAB-003941** _____

Date: _____

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| **Name:** *(Please Print)*<br>Andrew McGuire, Esq. | **Relationship to Lawsuit** |
| **Firm Name:**<br>In Rem PLLC | ☑ Attorney for Plaintiff |
| **Telephone No.:** (202) 618-3461    **DC Bar No.:** 442600 | ☐ Self (Pro Se)<br>☐ Other: _____ |

**TYPE OF CASE:** ☐ Non-Jury    ☑ 6 Person Jury    ☐ 12 Person Jury

**Demand:** $ __14,586,169.00__    Other: injunctive relief _____

**PENDING CASE(S) RELATED TO THE ACTION BEING FILED**

Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar #: _____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**CONTRACT**
- ☐ Breach of Contract
- ☐ Breach of Warranty
- ☐ Condo/Homeowner Assn. Fees
- ☐ Contract Enforcement
- ☐ Negotiable Instrument

**COLLECTION/INS. SUB**
- ☐ Debt Collection
- ☐ Insurance Subrogation
- ☐ Motion/Application for Judgment by Confession
- ☐ Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**
- ☐ Breach of Contract
- ☐ Discrimination
- ☐ Wage Claim
- ☐ Whistle Blower
- ☐ Wrongful Termination

**REAL PROPERTY**
- ☐ Condo/Homeowner Assn. Foreclosure
- ☐ Declaratory Judgment
- ☐ Drug Related Nuisance Abatement
- ☐ Ejectment
- ☐ Eminent Domain
- ☐ Interpleader
- ☐ Other
- ☐ Quiet Title
- ☑ Specific Performance

- ☐ **FRIENDLY SUIT**
- ☐ **HOUSING CODE REGULATIONS**
- ☐ **QUI TAM**
- ☐ **STRUCTURED SETTLEMENTS**

**ADMINISTRATIVE PROCEEDINGS**
- ☐ Administrative Search Warrant
- ☐ App. for Entry of Jgt. Defaulted Compensation Benefits
- ☐ Enter Administrative Order as Judgment
- ☐ Libel of Information
- ☐ Master Meter
- ☐ Petition Other

- ☐ Release Mechanics Lien
- ☐ Request for Subpoena

**MALPRACTICE**
- ☐ Medical – Other
- ☐ Wrongful Death

**AGENCY APPEAL**
- ☐ Dangerous Animal Determination
- ☐ DCPS Residency Appeal
- ☐ Merit Personnel Act (OEA)
- ☐ Merit Personnel Act (OHR)
- ☐ Other Agency Appeal

☐ **APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

CV-496/February 2023

# Information Sheet, Continued

**CIVIL ASSET FORFEITURE**
- [ ] Currency
- [ ] Other
- [ ] Real Property
- [ ] Vehicle

**NAME CHANGE/VITAL RECORD AMENDMENT**
- [ ] Birth Certificate Amendment
- [ ] Death Certificate Amendment
- [ ] Gender Amendment
- [ ] Name Change

**TORT**
- [ ] Abuse of Process
- [ ] Assault/Battery
- [ ] Conversion
- [ ] False Arrest/Malicious Prosecution
- [ ] Libel/Slander/Defamation
- [ ] Personal Injury
- [ ] Toxic Mass
- [ ] Wrongful Death (Non-Medical Malpractice)

**GENERAL CIVIL**
- [ ] Accounting
- [ ] Deceit (Misrepresentation)
- [ ] Fraud
- [ ] Invasion of Privacy
- [ ] Lead Paint
- [ ] Legal Malpractice
- [ ] Motion/Application Regarding Arbitration Award
- [ ] Other - General Civil

- [ ] Product Liability
- [ ] Request for Liquidation
- [ ] Writ of Replevin
- [ ] Wrongful Eviction

**CIVIL I/COMPLEX CIVIL**
- [ ] Asbestos

**MORTGAGE FORECLOSURE**
- [ ] Non-Residential
- [ ] Residential

**STATUTORY CLAIM**
- [ ] Anti – SLAPP
- [ ] Consumer Protection Act
- [ ] Exploitation of Vulnerable Adult
- [ ] Freedom of Information Act (FOIA)
- [ ] Other

**TAX SALE FORECLOSURE**
- [ ] Tax Sale Annual
- [ ] Tax Sale Bid Off

**VEHICLE**
- [ ] Personal Injury
- [ ] Property Damage

- [ ] **TRAFFIC ADJUDICATION APPEAL**
- [ ] **REQUEST FOR FOREIGN JUDGMENT**

_s ' Andrew McGuire_
__ Filer/Attorney's Signature

6/20/2024

Date

**THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

**KATHERINE DEMETRO**
**500 G Street SW**
**Apt. B**
**Washington DC 20024**
*Individually, and on behalf of herself and*
*all others similarly situated,*

**and**

**LINDA FEENEY**
**500 G Street SW**
**Apt. B**
**Washington DC 20024**
*Individually, and on behalf of herself and*
*all others similarly situated,*

**and**

**NICOLE LOY**
**3609 38th St. Northwest #306**
**Washington DC 20016**
*Individually, and on behalf of herself and*
*all others similarly situated,*

**and**

**KIM DICKENS**
**279 W 117th Street #3V**
**New York, NY 10026**
*Individually, and on behalf of herself and*
*all others similarly situated,*

**and**

**ARAMIS PENLAND**
**1155 Merrill St**
**Apt 206,**
**Menlo Park, CA 94025**
*Individually, and on behalf of himself and*
*all others similarly situated,*

**and**

Civil Action No.:   2024-CAB-003941
(Action Involving Real Property)

**MADISON BRUMBAUGH**
**3901 Connecticut Ave NW Apt. 306**
**Washington, DC 20008**
*Individually, and on behalf of herself and*
*all others similarly situated,*

and

**MARILYN TOMSIC**
**4201 Cathedral Avenue NW**
**# 207E**
**Washington, DC  20016**
*Individually, and on behalf of herself and*
*all others similarly situated,*

and

**DAMALI BAXTER**
**3621 38th Street NW**
**#201**
**Washington DC 20016**
*Individually, and on behalf of herself and*
*all others similarly situated,*

and

**KATE  KOVAROVIC**
**3800 Rodman Street NW**
**#303**
**Washington DC 20016**
*Individually, and on behalf of herself and*
*all others similarly situated,*

and

**BRITTANY BAINE**
**3611 38th Street NW**
**#401**
**Washington DC 20016**
*Individually, and on behalf of herself and*
*all others similarly situated,*

and

**BRUNO MUSCOLINO**
**5185 MacArthur Blvd. NW,**

Suite 428,
**Washington DC 20016**
*Individually, and on behalf of himself and*
*all others similarly situated,*

and

**CLAIR SCHAUB**
**3625 38th Street NW**
**#102**
**Washington DC 20016**
*Individually, and on behalf of herself and*
*all others similarly situated,*

and

**KONRAD SCOTT-LUDWIG**
**3839 Rodman St. NW**
**Apt. B-32**
**Washington DC 20016**
*Individually, and on behalf of himself and*
*all others similarly situated,*

and

**CHRISTOPHER A. HARRIS**
**1390 Kenyon St NW**
**Apt 413**
**Washington, DC 20010**
*Individually, and on behalf of himself and*
*all others similarly situated,*

and

**SHAHRZAD RASTEGAR**
**3615 38th St NW #403**
**Washington, DC 20016**
*Individually, and on behalf of herself and*
*all others similarly situated,*

and

**TAMMY MACDONALD**
**3623 38th St NW, #102**
**Washington, D.C. 20016**
*Individually, and on behalf of herself and*

3

*all others similarly situated,*

**and**

**SHAYDA SAFIKHANI**
**3617 38th St NW, #406**
**Washington D.C. 20016**
*Individually, and on behalf of herself and*
*all others similarly situated,*

**and**

**TOMÁS GONZÁLEZ GINESTET**
**3625 38Th St NW, Apt 202**
**Washington D.C. 20016**
*Individually, and on behalf of himself and*
*all others similarly situated,*

**and**

**JUSTIN CONGLETON**
**3401 38th St NW, #707**
**Washington D.C. 20016**
*Individually, and on behalf of himself and*
*all others similarly situated,*

**and**

**JESSICA SARKIS**
**3401 38th St NW, #707**
**Washington D.C. 20016**
*Individually, and on behalf of herself and*
*all others similarly situated,*

**and**

**VALERIE EVANS**
**3621 38th St NW, #101**
**Washington D.C. 20016**
*Individually, and on behalf of herself and*
*all others similarly situated,*

**and**

**MARIA EMANUEL**
**3625 38th Street NW, # 201**

Washington D.C. 20016
*Individually, and on behalf of herself and*
*all others similarly situated,*

and

**MARLENE MARMOL**
3625 38th Street NW, # 201
Washington D.C. 20016
*Individually, and on behalf of herself and*
*all others similarly situated,*

**Plaintiffs,**

**v.**

**VAUGHAN McLEAN LLC**
115 Broadway
Suite 1705
New York, NY 10006
      Serve:  **CORPORATION SERVICE COMPANY**
           **1090 Vermont Ave. NW**
           **Washington D.C. 20005**

and

**VAUGHAN PLACE, LLC**
4582 S. Ulster St., Ste. 1700
Denver, CO 80237
      Serve:  **CORPORATION SERVICE COMPANY**
           **1090 Vermont Ave. NW**
           **Washington D.C. 20005**
and

**BSPRT CRE FINANCE, LLC**
1345 Avenue of the Americas
Suite 32A
New York, NY 10105
      Serve:  **D.C. Superintendent of Corporations, in the capacity of the Mayor's**
           **Agent for Service of Process for businesses that fail to maintain an**
           **agent in the District of Columbia**
and

**BSPRT JPM LOAN, LLC**
1345 Avenue of the Americas
Suite 32A

New York, NY 10105
> Serve: D.C. Superintendent of Corporations, in the capacity of the Mayor's
> Agent for Service of Process for businesses that fail to maintain an
> agent in the District of Columbia

and

**LAWYERS TITLE REALTY SERVICES INC., TRUSTEE**
**7130 Glen Forest Drive**
**Suite 300**
**Richmond VA 23226**
> Serve: CT CORPORATION SYSTEM
> 1015 15TH Street NW, Suite 1000
> Washington D.C. 20005

**Defendants.**

---

## PLAINTIFF'S COMPLAINT FOR COMMON LAW FRAUD AND CIVIL CONSPIRACY, INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS, VIOLATIONS OF THE DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT, AND FOR DECLARATORY AND EQUITABLE RELIEF AS SPECIFIED, AND FOR THE TORT OF INTERFERENCE WITH BUSINESS RELATIONS, AND FOR LEGAL AND EQUITABLE DAMAGES UNDER THE TENANT OPPORTUNITY TO PURCHASE ACT (TOPA)
### ( with request to certify as a class action)

COMES NOW the Plaintiffs, on behalf of themselves and members of the

proposed class, by and through undersigned counsel, and respectfully represents to this

Honorable Court the following:

### Jurisdiction

1.      That jurisdiction of this Court is founded on § 11-921 and § 13-423 of the D.C.

Code (2001).

### Parties

2.      Plaintiffs **KATHERINE DEMETRO** and **LINDA FEENEY** are adult residents

of the District of Columbia, and during the period of time relevant to this suit, resided as

6

tenants at 3401 38th Street NW, #213, Washington D.C. – one of the Vaughan Place apartment units that Vaughan McLean LLC sought to sell to Vaughan Place, LLC in October/November 2021.

3.      Plaintiff **NICOLE LOY** is an adult resident of the District of Columbia, and during the period of time relevant to this suit, resided as a tenant at 3609 38th Street NW, #306, Washington D.C. – one of the Vaughan Place apartment units that Vaughan McLean LLC sought to sell to Vaughan Place, LLC in October/November 2021.

4.      Plaintiff **KIM DICKENS** is an adult resident of the State of New York, and during the period of time relevant to this suit, resided as a tenant at 3615 38th Street NW, #209, Washington D.C. – one of the Vaughan Place apartment units that Vaughan McLean LLC sought to sell to Vaughan Place, LLC in October/November 2021.

5.      Plaintiff **ARAMIS PENLAND** is an adult resident of the State of California and Plaintiff **MADISON BRUMBAUGH** is an adult resident of the District of Columbia, and during the period of time relevant to this suit, both resided as tenants at 3804 Rodman Street NW, #201, Washington D.C. – one of the Vaughan Place apartment units that Vaughan McLean LLC sought to sell to Vaughan Place, LLC in October/November 2021.

6.      Plaintiff **MARILYN TOMSIC** is an adult resident of the District of Columbia, and during the period of time relevant to this suit, resided as a tenant at 3401 38th Street NW, #402, Washington D.C. – one of the Vaughan Place apartment units that Vaughan McLean LLC sought to sell to Vaughan Place, LLC in October/November 2021.

7.      Plaintiff **DAMALI BAXTER** is an adult resident of the District of Columbia, and during the period of time relevant to this suit, resided as a tenant at 3621 38th Street NW,

#201, Washington D.C. – one of the Vaughan Place apartment units that Vaughan

McLean LLC sought to sell to Vaughan Place, LLC in October/November 2021.

8.      Plaintiff **KATE  KOVAROVIC** is an adult resident of the District of Columbia,

and during the period of time relevant to this suit, resided as a tenant at 3800 Rodman

Street NW, #303, Washington D.C. – one of the Vaughan Place apartment units that

Vaughan McLean LLC sought to sell to Vaughan Place, LLC in October/November

2021.

9.      Plaintiff **BRITTANY BAINE** is an adult resident of the District of Columbia,

and during the period of time relevant to this suit, resided as a tenant at 3611 38th Street

NW, #401, Washington D.C. – one of the Vaughan Place apartment units that Vaughan

McLean LLC sought to sell to Vaughan Place, LLC in October/November 2021.

10.     Plaintiff **BRUNO MUSCOLINO** is an adult resident of the District of

Columbia, and during the period of time relevant to this suit, resided as a tenant at 3617

38th Street NW, #410, Washington D.C. – one of the Vaughan Place apartment units that

Vaughan McLean LLC sought to sell to Vaughan Place, LLC in October/November

2021.

11.     Plaintiff **CLAIR SCHAUB** is an adult resident of the District of Columbia, and

during the period of time relevant to this suit, resided as a tenant at 3625 38th Street NW,

#102, Washington D.C. – one of the Vaughan Place apartment units that Vaughan

McLean LLC sought to sell to Vaughan Place, LLC in October/November 2021.

12.     Plaintiff **KONRAD SCOTT-LUDWIG** is an adult resident of the District of

Columbia, and during the period of time relevant to this suit, resided as a tenant at 3617

38th Street NW, #303, Washington D.C. – one of the Vaughan Place apartment units that

Vaughan McLean LLC sought to sell to Vaughan Place, LLC in October/November 2021.

13.    Plaintiff **CHRISTOPHER A. HARRIS** is an adult resident of the District of Columbia, and during the period of time relevant to this suit, resided as a tenant at 3601 38th Street NW, #201, Washington D.C. – one of the Vaughan Place apartment units that Vaughan McLean LLC sought to sell to Vaughan Place, LLC in October/November 2021.

14.    Plaintiff **SHAHRZAD RASTEGAR** is an adult resident of the District of Columbia, and during the period of time relevant to this suit, resided as a tenant at 3615 38th Street NW, #403, Washington D.C. – one of the Vaughan Place apartment units that was sold by Vaughan McLean LLC to Vaughan Place, LLC in October/November 2021.

15.    Plaintiff **TAMMY MACDONALD** is an adult resident of the District of Columbia, and during the period of time relevant to this suit, resided as a tenant at 3623 38th Street NW, #102, Washington D.C. – one of the Vaughan Place apartment units that was sold by Vaughan McLean LLC to Vaughan Place, LLC in October/November 2021.

16.    Plaintiff **SHAYDA SAFIKHANI** is an adult resident of the District of Columbia, and during the period of time relevant to this suit, resided as a tenant at 3617 38th St NW, #406, Washington D.C. 20016 – one of the Vaughan Place apartment units that was sold by Vaughan McLean LLC to Vaughan Place, LLC in October/November 2021.

17.    Plaintiff **TOMÁS GONZÁLEZ GINESTET** is an adult resident of the District of Columbia, and during the period of time relevant to this suit, resided as a tenant at 3625 38th St NW, Apt 202, Washington D.C. 20016 - one of the Vaughan Place

apartment units that was sold by Vaughan McLean LLC to Vaughan Place, LLC in October/November 2021.

18. Plaintiffs **JUSTIN CONGLETON** and **JESSICA SARKIS** are adult residents of the District of Columbia, and during the period of time relevant to this suit, resided as tenants at 3401 38th St NW, #707, Washington D.C. 20016 - one of the Vaughan Place apartment units that was sold by Vaughan McLean LLC to Vaughan Place, LLC in October/November 2021.

19. Plaintiff **VALERIE EVANS** is an adult resident of the District of Columbia, and during the period of time relevant to this suit, resided as a tenant at 3621 38th St NW, #101, Washington D.C. 20016 – one of the Vaughan Place apartment units that was sold by Vaughan McLean LLC to Vaughan Place, LLC in October/November 2021.

20. Plaintiffs **MARLENE MARMOL** and **MARIA EMANUEL** are adult residents of the District of Columbia, and during the period of time relevant to this suit, resided as tenants at 3625 38th Street NW, # 201, Washington D.C. 20016– one of the Vaughan Place apartment units that was sold by Vaughan McLean LLC to Vaughan Place, LLC in October/November 2021.

21. Defendant **VAUGHAN MCLEAN LLC** is a Limited Liability Company formed under the laws of the District of Columbia, and doing business in the District of Columbia, with a principal place of business in New York, New York.

22. Defendant **VAUGHAN PLACE, LLC** is a Limited Liability Company formed under the laws of Delaware, and doing business in the District of Columbia, with a principal place of business in Denver, Colorado.

23. Defendant **BSPRT CRE FINANCE, LLC** is a Delaware company with

headquarters in New York, New York, and doing business in the District of Columbia.

24.     Defendant **BSPRT JPM LOAN, LLC** is a Delaware company with headquarters in New York, New York, and doing business in the District of Columbia.

25.     Defendant **LAWYERS TITLE REALTY SERVICES INC., TRUSTEE** is a corporation formed, upon information and belief, under the laws of the Commonwealth of Virginia, headquartered in Virginia, and doing business in the District of Columbia.

### The Property At Issue

26.     "Vaughan Place" is a complex of thirty-three (33) different residential buildings with separate and distinct street addresses in Northwest Washington D.C.  Contained within Vaughan Place is the Tower (3401 38th Street NW), a nine-story residential apartment building with other 200 individual apartment units;  four (4) four level buildings known as the "Terraces" or the "Garden Collection," each with approximately 34 units (3609 38th Street NW, 3611 38th Street NW, 3615 38th Street NW, and 3617 38th Street NW);  and twenty-eight three-floor buildings with basements known as the "Townhomes" or the "Garden Collection," with each building consisting of approximately eight units (3800 through 3804 Rodman Street NW, 3800 through 3809 Porter Street NW, 3815 through 3825 Porter Street NW, and 3601 through 3607 38th Street NW, and 3621 through 3631 38th Street NW ).  Vaughan Place also contains a leasing office, approximately 5200 square feet of commercial/retail space, parking lots, gardens and grounds, a pool, and a ballroom.

27.     Construction of "Vaughan Place" took place in different phases between 1984 and 1989.  In 1985, VMG Associates L.P., the then-owner of Vaughan Place, filed a declaration converting the buildings in lot 1821 into a condominium regime known as

"The Village at McLean Gardens."  In 1986, VMG Associates L.P. amended the

condominium declaration to include the five (5) townhomes in lot 1919.  In 1988, VMG

Associates L.P. filed a declaration making the "Tower" a separate condominium known

as "The Village Tower at McLean Gardens."

28.      In 1991, VMG Associates L.P. sold Vaughan Place to Lincoln Square

Corporation II.

29.      In May of 2005, Lincoln Square Corporation II sold Vaughan Place to MP

Trustee LLC.

30.      Later in 2005, MP Trustee LLC began selling off individual condominium units

throughout the complex.  The first such sale, on October 11, 2005, was of Unit 101 in

one of the Townhomes (3806 Porter St. NW), and the last such sale, on March 14, 2007,

was of unit 715 in the Tower.  In total, MP Trustee LLC sold off approximately one

hundred sixty-one (161) of the five hundred seventy-four (574) residential apartment

units.

31.      In April of 2007, MP Trustee LLC sold its interests in Vaughan Place to Vaughan

McLean, LLC.

32.      In July and August of 2021, Vaughan McLean, LLC, in turn, sought to sell its

Vaughan Place portfolio to Vaughan Place, LLC.

33.      By way of deeds recorded on October 13, 2021 and November 4, 2021, Vaughan

McLean, LLC sold all of its Vaughan Place portfolio to Vaughan Place, LLC - with the

exception of the single residential unit with an address of 3621 38th Street NW, #102

(which was sold to the tenant) and the eleven (11) units then occupied by Plaintiffs

KATHERINE DEMETRO and LINDA FEENEY, NICOLE LOY, KIM DICKENS,

ARAMIS PENLAND and MADISON BRUMBAUGH,  MARILYN TOMSIC,
DAMALI BAXTER, KATE  KOVAROVIC, BRITTANY BAINE, BRUNO
MUSCOLINO, CLAIR SCHAUB, KONRAD SCOTT-LUDWIG and CHRISTOPHER
HARRIS.  The units in which SHAHRZAD RASTEGAR, TAMMY MACDONALD,
SHAYDA SAFIKHANI, TOMÁS GONZÁLEZ GINESTET, JUSTIN CONGLETON
and JESSICA SARKIS, VALERIE EVANS, and MARLENE MARMOL and MARIA
EMANUEL resided were part of the portfolio that was sold and transferred by Vaughan
McLean LLC to Vaughan Place LLC.

34.    In early May 2024, Vaughan Place, LLC gave its tenants notice of its intent to
transfer its Vaughan Place portfolio to a merged entity.  As of the date of the filing of this
suit, that sale/transfer is still pending.

### Facts

35.    Pursuant the District of Columbia's "rent control" laws, VMG Associates L.P. -
the original owner/developer of Vaughan Place – registered each of the thirty-three (33)
different residential buildings with the Rental Accommodations and Conversion Division
which was then part of the Department of Consumer and Regulatory Affairs. (Because
Vaughan Place was built after December 31, 1975, VMG declared Vaughan Place to be
exempt from most of the strictures of the Rental Housing Act of 1985).  Each building
was separately registered by VMG and given distinct Claim of Exemption numbers by
the government.  For instance, 3800 Porter Street NW was registered by VMG as an eight
(8) unit apartment on July 22, 1986 and the Rental Accommodations Division assigned
that property the Exemption number of 511364; while on August 11, 1986, a separate and
distinct Registration/Claim of Exemption form was filed for the eight-unit apartment

located at 3801 Porter Street NW, which was then given the Exemption number of

505225. The thirty-four (34) unit "Garden" apartments were also separately registered by

VMG: for instance, 3611 38th Street NW was registered as a thirty-four (34) unit

apartment building on October 24, 1986 and assigned Exemption Number 507180, while

3609 38th Street NW was registered on February 13, 1987 and given an Exemption

number of 507736.

36.     Lincoln Square Corporation II - the next owner of Vaughan Place - similarly

registered each of the residential buildings with the Rental Accommodations Division as

separate and distinct properties. For instance, the thirty-four (34) unit apartment building

located at 3611 38th Street NW was registered by Lincoln Square on July 10, 1993 and

given a new exemption number of 507179 by the government, while the eight-unit

building at 3800 Porter Street NW was registered on December 30, 1992 and assigned the

new Exemption Number of 505225.

37.     In 2005, the next owner of Vaughan Place, MP Trustee LLC, similarly registered

each of the residential buildings as separate and distinct entities. For example, the eight

unit located at 3801 Porter St. NW was registered on September 20, 2005 and given a

new Exemption number of 543218, while eight days later, 3609 38th Street NW was

registered as a thirty-four unit apartment and given new Exemption Number of 543288.

38.     In August of 2005, MP Trustee LLC also registered "The Tower" building and its

two hundred-fourteen (214) apartment units, with the Rental Accommodations and

Conversion Division giving the property the Exemption Number 542889.

39.     After purchasing Vaughan Place in 2007, Vaughan McLean LLC took a different

approach to registering its rental holdings. Almost 30% of the residential units in the

Vaughan Place complex had been sold off by MP Trustee to private owners some years

earlier, and Vaughan McLean LLC's purchase of Vaughan Place from MP Trustee

therefore omitted those privately owned units.  Since these privately owned units existed

in each of the thirty-four buildings that made up Vaughan Place, Vaughan McLean chose

to separately register each individual unit it had purchased from MP Trustee LLC instead

of registering each building separately as had been done in the past. For instance, on

January 24, 2008, Vaughan McLean LLC filed five different Registration/Claim of

Exemption forms for the five condominium units (Units 2, 4, 5, 6, and 7) that it had

purchased from MP Trustee LLC in the building with an address of 3800 Rodman Street

NW (the other units in that building – 1, 3, and 8 – had been sold off individually by MP

Trustee LLC some years earlier).  Another example:  for the thirty-four unit building

located at 3609 38th Street NW, Vaughan McLean LLC only registered the units it had

purchased from MP Trustee (with Units 327, 330, 333, 334, 335, 344, 346, 348, 351, 352,

358, 359, 360 each being assigned their own unique Exemption Number).  On December

12, 2007, Vaughan McLean LLC simultaneously filed almost one hundred fifty

Registration/Claim of Exemption Forms for each of the individual condominium units it

had purchased from MP Trustee in the 214 unit "Tower" located at 3401 38th Street N.W.

40.       In 2011, however, Vaughan McLean LLC filed all new RAD Registration/Claim

of Exemption forms for Vaughan Place.  Instead of registering each individual

condominium unit it owned, as it had done in 2007-2008, Vaughan McLean LLC

reverted to the prior practice of registering each of the thirty-four residential buildings

that made up the complex.  So for instance, with 3800 Rodman St. NW, Vaughan

McLean LLC's RAD Registration/Claim of Exemption form identified the property as a

"multi-family" with a total of five (5) rental units in the "Housing Accommodation." And with the RAD Registration form for 3609 38th Street NW, Vaughan McLean LLC again classified the property as a "multi-family" with thirteen rental units. The September 9, 2011 RAD Registration form for the "Tower" (3401 38th Street NW) indicated that there were one hundred and forty-two rental units in the building owned and operated by Vaughan McLean LLC.

41.     Vaughan McLean, LLC further characterized its Vaughan Place holdings as separate and distinct apartment buildings when it successfully applied for Certificates of Occupancy for each building on August 5, 2011. In their applications, for instance, Vaughan McLean, LLC attested that the so-called "Townhome" buildings located at 3601 38th Street NW, 3621 38th Street NW, 3623 38th Street NW, 3625 38th Street NW, 3800 Rodman Street NW, and 3804 Rodman Street NW were each separate and distinct eight-unit "Apartment buildings." Similarly, in their August 5, 2011 applications, Vaughan McLean, LLC attested that the so-called "Terrace" buildings located at 3609 38th Street NW, 3611 38th Street NW, 3615 38th Street NW, and 3617 38th Street NW were each separate and distinct thirty-four unit "Apartment buildings."

42.     Similarly, when re-applying for its business licenses, Vaughan McLean, LLC obtained separate and distinct licenses for each of the buildings at Vaughan Place. (In 2010, Vaughan McLean, LLC had abandoned the business licenses it had separately obtained for each individual condominium unit it owned and operated at Vaughan Place).

43.     Vaughan Place therefore consists of thirty-three (33) different Housing Accommodations, with each address representing a separate and distinct multi-family apartment building, as follows:

3401 38th Street NW          *
3800 Porter Street NW
3801 Porter Street NW
3802 Porter Street NW
3803 Porter Street NW
3804 Porter Street NW
3805 Porter Street NW
3806 Porter Street NW
3807 Porter Street NW
3808 Porter Street NW
3809 Porter Street NW
3815 Porter Street NW
3817 Porter Street NW
3821 Porter Street NW
3823 Porter Street NW
3825 Porter Street NW
3800 Rodman Street NW        *
3802 Rodman Street NW
3804 Rodman Street NW        *
3601 38th Street NW          *
3603 38th Street NW
3605 38th Street NW
3607 38th Street NW
3609 38th Street NW          *
3611 38th Street NW          *
3615 38th Street NW          *
3617 38th Street NW          *
3621 38th Street NW          *
3623 38th Street NW          *
3625 38th Street NW          *
3627 38th Street NW
3629 38th Street NW
3631 38th Street NW

[Plaintiffs have filed a *lis pendens* in conjunction with this lawsuit against the properties marked with an asterisk "*"]

44.     In or around February 2021, Vaughan McLean LLC engaged a commercial real estate services firm to market and sell its properties at Vaughan Place, and at some point between February 2021 and July 30, 2021, Vaughan McLean LLC ratified a contract with Vaughan Place, LLC for the purchase of Vaughan Place.

45.    The D.C. Tenant Opportunity to Purchase Act ("TOPA") states, "Before an owner of a housing accommodation may sell the housing accommodation or issue a notice to vacate for purposes of demolition or discontinuance of housing use, the owner shall give the tenant an opportunity to purchase the housing accommodation at a price and terms that represent a bona fide offer of sale." DC Code § 42-3404.02 (a).  TOPA thus creates a statutory right of first refusal similar to that which exists in contract law, empowering its holder with a preferential right to purchase a property on the same terms offered by or to a bona fide purchaser.

46.    The exact nature and scope of a tenant's right with respect to this "option to purchase" are dictated by the number of units in the building:  Single Family Homes are governed by one set of rules, rental buildings with 2 to 4 units are governed by another, and apartments with 5 or more units are governed by yet another distinct set of rules.

47.    Between on or about July 30, 2021 and August 2, 2021, Vaughan McLean LLC caused its tenants at Vaughan Place to be served, by regular mail, with a package of materials that included a "Dear Tenant" letter, three government-printed forms, and a "Tenant Release" form.

48.    The "Dear Tenant" cover letter came from the property manager "Capital Properties Management Inc." and explained that their Landlord ("Vaughan McLean LLC") intended to sell all of the units it owned within the condominium communities known as "The Village at McLean Gardens" and "The Village Tower at McLean Gardens," including the unit that each tenant currently rented.

49.    The "Dear Tenant" letter went on to identify the other documents in the packet, including the Notice of Intent to Sell ("Form 1"), a Letter to Landlord ("Form 2"), a

Response Letter ("Form 4"), and a Tenant Release.

50.      The Forms 1, 2, and 4 are official government forms produced by the Rental Conversion and Sale Division of the Department of Housing and Community Development ("DHCD") "to help property owners fulfill their obligations under TOPA." These Forms have their roots in a change in the TOPA law enacted in 2018, which purports to deprive tenants in Single Family Homes of their TOPA rights if they started their tenancies after April 15, 2018 or if they were not elderly or disabled.  See D.C. Code § 42–3404.09.  The 2018 amendment to the law regarding Single Family home TOPA gives tenants less time to respond, less time to negotiate, and less time to close on the purchase of their property.  The 2018 amendment also restricts eligibility to tenants who moved into their units prior to April 15, 2018 and who are either disabled or elderly; tenants who moved into a Single Family home after the July 3, 2018 enactment of the law have no TOPA rights whatsoever regardless of disability or age.  Finally, the "new" law states that tenants in single family homes cannot assign their TOPA rights for any monetary consideration. D.C. Code § 42–3404.09 (pursuant to D.C. Code § 42–3404.06, tenants in multi-family accommodations may sell their TOPA rights for whatever consideration they find acceptable).

51.      Tenants living in 2-4 unit apartment buildings or apartments with 5 or more units are afforded substantially more substantive and procedural  rights by TOPA than those tenants who reside in Single Family Homes, at least since the law regarding Single-family home TOPA that was amended in 2018.  Consequently, how a landlord classifies their property when they seek to sell it can greatly affect a tenant's statutory opportunity to purchase.

52.     Vaughan McLean LLC purposely and intentionally mischaracterized its holdings at Vaughan Place as a "Single Family Home" in order to deprive its tenants of their TOPA rights.

53.     Vaughan McLean LLC communicated their intent to mischaracterize the nature of their Vaughan Place holdings to the prospective purchaser Vaughan Place, LLC, which concurred in the plan to deprive the tenants of their lawful rights under TOPA.

54.     Defendants BSPRT CRE FINANCE, LLC, BSPRT JPM LOAN, LLC, and LAWYERS TITLE REALTY SERVICES INC., TRUSTEE also knew or should have known at the time of the deed transfers between Vaughan McLean LLC and Vaughan Place LLC that Vaughan McLean LLC had intentionally mischaracterized the nature of its Vaughan Place portfolio in order to deprive their tenants of the lawful rights under TOPA.

55.     Despite the timely and official complaints of many tenants that Vaughan McLean LLC had used the wrong TOPA form to notify them of the sale, Vaughan McLean LLC and Vaughan Place, LLC proceeded to close on the sale, thus depriving the tenants of any opportunity to exercise their lawful TOPA rights and to form a Tenant Association to negotiate and perhaps purchase the building that they lived in.

56.     Specifically, Vaughan McLean LLC sold the units that Plaintiffs SHAHRZAD RASTEGAR (3615 38th St NW #403), TAMMY MACDONALD (3623 38th St NW, #102), SHAYDA SAFIKHANI (3617 38th St NW, #406), TOMÁS GONZÁLEZ GINESTET (3625 38Th St NW, Apt 202), JUSTIN CONGLETON and JESSICA SARKIS (3401 38th St NW, #707), VALERIE EVANS (3621 38th St NW, #101), and MARIA EMANUEL and MARLENE MARMOL (3625 38th Street NW, # 201) were

then living in without giving these Plaintiffs a bona fide opportunity to purchase their homes or the buildings in which their units were located.

57.     Moreover, Vaughan McLean LLC sold the buildings that Plaintiffs KATHERINE DEMETRO and LINDA FEENEY ( 3401 38th Street NW), NICOLE LOY (3609 38th Street NW), KIM DICKENS (3615 38th Street NW), ARAMIS PENLAND and MADISON BRUMBAUGH (3804 Rodman Street NW), MARILYN TOMSIC (3401 38th Street NW), DAMALI BAXTER (3621 38TH Street NW), KATE  KOVAROVIC (3800 Rodman Street NW), BRITTANY BAINE (3611 38th Street NW), BRUNO MUSCOLINO (3617 38th Street NW),  CLAIR SCHAUB (3625 38th Street NW), KONRAD SCOTT-LUDWIG (3617 38th Street NW), CHRISTOPHER A. HARRIS (3601 38th Street NW) were then living in without giving these Plaintiffs a bona fide opportunity to join with the buildings' other tenants to purchase those buildings.

58.     At no time prior to recording the deed transfers of October 13, 2021 and November 4, 2021 did Defendant Vaughan McLean LLC or any of the agents it had acting on its behalf provide the Plaintiffs herein or any tenant of Vaughan Place with the required "opportunity to purchase the housing accommodation at a price and terms that represent a bona fide offer of sale."

59.     The named Plaintiffs herein remain ready, willing, and able to exercise their lawful and correct rights under TOPA to purchase the entire building that they resided in at the time of the sale.  Plaintiffs were and are ready, willing, and able to organize Tenant Associations in their buildings in order to negotiate and ultimately purchase each of the buildings they live or lived in.  However, despite numerous demands, Vaughan McLean LLC has refused to comply with TOPA.

60.     TOPA also provides that, "The right of a third party to purchase an accommodation is conditional upon exercise of tenant rights under this subchapter.... Third party purchasers are presumed to act with full knowledge of tenant rights and public policy under this subchapter." D.C. Code § 42–3404.04.

61.     Defendant Vaughan Place, LLC is not a *bona fide* purchaser of the subject property, and their property rights thereto are voidable.

62.     On October 13, 2021, Defendant Vaughan Place, LLC took out an $88,500,000.00 mortgage secured by a deed of trust against the property with BSPRT CRE FINANCE, LLC, a Delaware company headquartered in New York, New York.

63.     BSPRT CRE FINANCE, LLC knew or should have known of the tenants' superior claims over the subject properties.

64.     The secured interest of Defendant BSPRT CRE FINANCE, LLC cannot attach to a property where the borrower has no valid claim of title.  Therefore, the secured interest of Defendant BSPRT CRE FINANCE, LLC cannot serve as a lien on the subject property if the Plaintiffs prevail in their claims to have the superior purchase right for these properties.

65.     On November 3, 2021, Defendant Vaughan Place, LLC took out another mortgage secured by a deed of trust against the property – in the amount of $455,720.00 with BSPRT JPM LOAN, LLC, a Delaware company headquartered in New York, New York. Lawyers Title Realty Services Inc. was named as the trustee in the deed of trust for the benefit of BSPRT JPM LOAN, LLC.

66.     BSPRT JPM LOAN, LLC knew or should have known of the tenants' superior claims over the subject properties.

67.     The secured interest of Defendant BSPRT JPM LOAN, LLC cannot attach to a property where the borrower has no valid claim of title.  Therefore, the secured interest of Defendant BSPRT JHP LOAN, LLC cannot serve as a lien on the subject property if the Plaintiffs prevail in their claims to have the superior purchase right for these properties.

68.     The premature conveyance of the deed created a cloud on the title.

69.     Plaintiffs have suffered damages due to the afore-mentioned acts and omissions of the Defendants, including but not limited to the profit each Plaintiff lost as a result of begin deprived of the ability to purchase their unit as part of a collective purchase of their building.  Vaughan McLean, LLC sold their Vaughan Place holdings to Vaughan Place, LLC at a bulk price that amounted to 2.5% over the 2021 tax appraised value of each unit.  Since November of 2021, sales data shows that the "Townhome" units have sold for an average of 5% above the tax assessed value, that the "Terrace" units have sold for an average of a 15.7% above the tax assessed value, and that the "Tower" units have sold for an average of 13% above the tax assessed value.

70.     Accordingly, Plaintiffs KATHERINE DEMETRO and LINDA FEENEY should have been able to purchase their unit in the "Tower" (3401 38th Street NW, #213, Washington DC) for no more than $499,810 (2.5% above the 2021 tax appraised value); that unit today is worth $576,898 (13% above the current tax appraised value); for a lost profit of $77,088.

71.     Plaintiff MARILYN TOMSIC should have been able to purchase her unit in the "Tower" (3401 38th Street NW, #402, Washington D.C.) for no more than $340,915 (2.5% above the 2021 tax appraised value); that unit today is worth $393,398 (13% above the current tax appraised value); for a lost profit of $52,483.

72.    Plaintiffs JUSTIN CONGLETON and JESSICA SARKIS should have been able to purchase their unit in the "Tower" (3401 38th St NW, #707, Washington D.C. 20016) for no more than $499,810 (2.5% above the 2021 tax appraised value); that unit today is worth $525,201 (13% above the current tax appraised value); for a lost profit of $25,391.

73.    Plaintiff NICOLE LOY (Petitioner/Tenant) should have been able to purchase her unit in the "Terrace" building located at 3609 38th Street NW #306 Washington DC 20016 for no more than $258,289 (2.5% above the 2021 tax appraised value); that unit today is worth $298,367 (15.7% above the current tax appraised value); for a lost profit of $40,078.

74.    Plaintiff KIM DICKENS should have been able to purchase her unit in the "Terrace" building located at 3615 38th Street NW #209 Washington DC 20016 for no more than $353,471 (2.5% above the 2021 tax appraised value); that unit today is worth $414,356 (15.7% above the current tax appraised value); for a lost profit of $60,885.

75.    Plaintiff BRITTANY BAINE should have been able to purchase her unit in the "Terrace" building located at 3611 38th Street NW #401 Washington DC 20016 for no more than $344,174 (2.5% above the 2021 tax appraised value); that unit today is worth $403,769 (15.7% above the current tax appraised value); for a lost profit of $59,595.

76.    Plaintiff BRUNO MUSCOLINO should have been able to purchase his unit in the "Terrace" building located at 3617 38th Street NW #410 Washington DC 20016 for no more than $425,426 (2.5% above the 2021 tax appraised value); that unit today is worth $498,937 (15.7% above the current tax appraised value); for a lost profit of $70,511.

77.    Plaintiff KONRAD SCOTT-LUDWIG should have been able to purchase his

unit in the "Terrace" building located at 3617 38th Street NW #303 Washington DC 20016 for no more than $238,702 (2.5% above the 2021 tax appraised value); that unit today is worth $276,372 (15.7% above the current tax appraised value); for a lost profit of $37,670.

78.    Plaintiff SHAHRZAD RASTEGAR should have been able to purchase her unit in the "Terrace" building located at 3615 38th Street NW #403 Washington DC 20016 for no more than $239,850 (2.5% above the 2021 tax appraised value); that unit today is worth $277,668 (15.7% above the current tax appraised value); for a lost profit of $37,818.

79.    Plaintiff SHAYDA SAFIKHANI should have been able to purchase her unit in the "Terrace" building located at 3617 38th Street NW #406 Washington DC 20016 for no more than $241,756 (2.5% above the 2021 tax appraised value); that unit today is worth $279,820 (15.7% above the current tax appraised value); for a lost profit of $38,064.

80.    Plaintiffs ARAMIS PENLAND and MADISON BRUMBAUGH should have been able to purchase their unit in the "Townhome" complex at 3804 Rodman Street NW, #201, Washington DC for no more than $361,958 (2.5% above the 2021 tax appraised value); that "Townhome" unit today is worth $384,793 (5% above the current tax appraised value); for a lost profit of $22,835.

81.    Plaintiff KATE KOVAROVIC should have been able to purchase her unit in the "Townhome" complex at 3800 Rodman Street NW, #303, Washington DC for no more than $389,848 (2.5% above the 2021 tax appraised value); that "Townhome" unit today is worth $416,377 (5% above the current tax appraised value); for a lost profit of $26,529.

82.    Plaintiff CHRISTOPHER A. HARRIS should have been able to purchase his unit in the "Townhome" complex at 3601 38th Street NW, #201, Washington DC for no more than $358,780 (2.5% above the 2021 tax appraised value); that "Townhome" unit today is worth $381,517 (5% above the current tax appraised value); for a lost profit of $22,737.

83.    Plaintiff VALERIE EVANS should have been able to purchase her unit in the "Townhome" complex at 3621 38th St NW, #101, Washington D.C. 20016 for no more than $380,705 (2.5% above the 2021 tax appraised value); that "Townhome" unit today is worth $404,134 (5% above the current tax appraised value); for a lost profit of $23,429.

84.    Plaintiff DAMALI BAXTER should have been able to purchase her unit in the "Townhome" complex at 3621 38th Street NW, #201, Washington DC for no more than $380,705 (2.5% above the 2021 tax appraised value); that "Townhome" unit today is worth $404,134 (5% above the current tax appraised value); for a lost profit of $23,429.

85.    Plaintiff TAMMY MACDONALD should have been able to purchase her unit in the "Townhome" complex at 3623 38th Street NW, #102, Washington DC for no more than $383,114 (2.5% above the 2021 tax appraised value); that "Townhome" unit today is worth $406,602 (5% above the current tax appraised value); for a lost profit of $23,488.

86.    Plaintiff CLAIR SCHAUB should have been able to purchase her unit in the "Townhome" complex at 3625 38th Street NW, #102, Washington DC for no more than $383,114 (2.5% above the 2021 tax appraised value); that "Townhome" unit today is worth $406,602 (5% above the current tax appraised value); for a lost profit of $23,488.

87.    Plaintiffs MARIA EMANUEL and MARLENE MARMOL should have been able to purchase their unit in the "Townhome" complex at 3625 38th Street NW, #201, Washington DC for no more than $380,705 (2.5% above the 2021 tax appraised value);

that "Townhome" unit today is worth $404,134 (5% above the current tax appraised value); for a lost profit of $23,429.

88.    Plaintiff TOMÁS GONZÁLEZ GINESTET should have been able to purchase his unit in the "Townhome" complex at 3625 38th St NW, # 202, Washington D.C. 20016 for no more than $383,114 (2.5% above the 2021 tax appraised value); that "Townhome" unit today is worth $406,602 (5% above the current tax appraised value); for a lost profit of $23,488.

### Count I
### COMMON LAW FRAUD AND CIVIL CONSPIRACY
### (against all defendants)

89.    Plaintiffs incorporate by reference paragraphs 1 through 88 as if fully set forth herein.

90.    In doing the things alleged herein, the Defendants, and all of them, reached an agreement to defraud Plaintiffs and deprive them of their lawful, legitimate, and exclusive exercise of TOPA.

91.    These Defendants took action in furtherance of the common scheme, which was a criminal violation of D.C. Code §42-3405.10 ("Any person who willfully violates any provision of this chapter or any rule adopted under or order issued pursuant to this chapter or any person who willfully in an application makes any false statement of a material fact or omits to state a material fact shall be fined not less than $1,000 or double the amount of gain from the transaction, whichever is larger, but not more than $50,000; or such person may be imprisoned for no more than 6 months; or both, for each offense.").

92.    Specifically, these Defendants made a false representation regarding the material

status of the properties to be sold, namely, classifying them as a "Single Family Home"

instead of the thirty-four multi-unit apartment buildings that they were, with the intent to

deceive these Plaintiff, the tenants at Vaughan Place, the Department of Housing and

Community Development, the Recorder of Deeds, the title company and the title insurer,

and the public-at-large, and thus allowing Defendant VAUGHAN PLACE, LLC to

unlawfully purchase the subject property, even though Plaintiffs had the right of first

refusal to purchase the same.

93.      As a result of the identified third parties' reliance on said misrepresentations,

Plaintiffs sustained damages including the lost opportunity to purchase, lost profit, and

lost opportunity to live in or rent out the subject property. Had these Defendants not

conspired to make and broadcast the aforementioned misrepresentations, neither the

Department of Housing and Community Development, the Recorder of Deeds, the title

company, nor the title insurer would have permitted the sale of the subject property to

Defendant VAUGHAN PLACE, LLC to go through; but since these entities did rely on

the false statements made by these Defendants, the classification of these properties as a

"Single Family Home" was accepted and registered by the Department of Housing and

Community Development, and the deed transfer between Vaughan McLean LLC and

Vaughan Place, LLC was recorded by the Recorder of Deeds, all to the detriment of

Plaintiffs and the class.

94.      These Defendants' civil conspiracy to defraud Plaintiffs caused the injuries and

damages Plaintiff has claimed of herein. Such criminal conduct should result in the Rent

Control exemption for these properties to be stripped, among other penalties.

**Count II**
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
### (against all defendants)

95.     Plaintiffs incorporate by reference paragraphs 1 through 94 as if fully set forth herein.

96.     The Defendants, and all of them, were aware of the existence of Plaintiff's rights as tenants to form a Tenant Association and negotiate a contract to purchase the subject property that substantially conformed with the price and other material terms of the contract between Vaughan McLean LLC and Vaughan Place, LLC.

97.     As tenants in each of the buildings that composed Vaughan Place, Plaintiffs and the class of tenants had the exclusive right to purchase the property, and Defendant Vaughan McLean LLC was not free under TOPA to disregard Plaintiffs' TOPA rights.

98.     Nevertheless, all of the Defendants herein conspired with one another to intentionally interfere with each Plaintiff's contractual relations with Defendant Vaughan McLean LLC for the purchase of the building they resided in.

99.     These Defendants' tortious interference with these Plaintiffs' contractual relations caused the injuries and damages Plaintiffs have claimed of herein.

**Count III**
## VIOLATIONS OF THE DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT
### (against Defendant Vaughan McLean LLC)

100.     Plaintiffs incorporate by reference paragraphs 1 through 99 as if fully set forth herein.

101.     The District of Columbia Consumer Protection Procedures Act ("CPPA") prohibits unlawful trade practices in connection with the offer, lease, and supply of consumer goods and services.  D.C. Code § 28-3901(a)(6).  The CPPA authorizes

consumers to bring an action seeking relief from the use of trade practices in violation of any law of the District of Columbia.

102.    Defendant Vaughan McLean LLC is subject to the CPPA because in the ordinary course of business, it leases or supplies consumer goods and services and therefore are merchants under the CPPA.

103.    Defendant's offer and leasing of residential apartment buildings are consumer goods and services under the CPPA, as are other rights attendant to residential tenancies such as TOPA.

104.    Plaintiffs are consumers under the CPPA because they rented their units from Vaughan McLean LLC for personal, household, or family purposes.

105.    Under the CPPA, it is an unlawful trade practice for any person to, among other things:

     a.   "represent that goods or services have … characteristics …uses [or] benefits … that they do not have;"
     b.   "represent that goods or services are of a particular standard… grade, style or model, if in fact they are of another,"
     c.   "misrepresent as to a material fact which has a tendency to mislead,"
     d.   "fail to state a material fact if such failure tends to mislead,"
     e.   "represent that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law,"
     f.   "advertise or offer goods or services without the intent to sell them or without the intent to sell them as advertised or offered," or
     g.   "pass off goods or services as those of another."

106.    The Act defines trade practice broadly to include any act which does or would create, alter, repair, furnish, make available, provide information about, or, directly or indirectly, solicit or offer for or effectuate, a sale, lease, or transfer, of consumer goods or services.  Atwater v. District of Columbia Dep't of Consumer & Regulatory Affairs, 566

A.2d 462, 466 (1989).

107.     Defendant Vaughan McLean LLC committed unlawful trade practices under the CPPA by expressly representing to these Plaintiffs and those similarly situated that Vaughan Place was a "Single Family Home" for purposes of TOPA when in fact Vaughan McLean LLC's holdings at Vaughan Place consisted of 33 unique and distinct residential multi-family buildings, and the tenants therein should have been provided an opportunity to purchase these buildings pursuant to D.C. Code § 42–3404.11 or D.C. Code § 42–3404.10.

108.     This trade practice effectuated the transfer of consumer goods and willfully deprived Plaintiffs of their TOPA rights, violating several statutes besides the DC CPPA.

109.     Additionally, throughout Plaintiffs tenure, Vaughan McLean represented the units in advertisements and marketing materials as a multi-family apartment complex and not as single family homes.

110.     Vaughan McLean LLC did violate the District of Columbia Consumer Protection Procedures Act by:  representing a characteristic and status that the property did not have; representing that goods or services are of a particular standard grade, style or model when in fact they were of another, misrepresenting as to a material fact which has a tendency to mislead, failing to state a material fact when such failure tended to mislead, representing that a transaction conferred or involved rights which it did not have or involve, advertised and offered goods or services to Plaintiffs without the real intent to sell to them, and passing off goods or services as those of another.

111.     Defendant's misrepresentations and material omissions of fact had both the capacity and the tendency to mislead consumers in violation of § 28-3904(a), (d), (e) and

(f) of the CPPA.

112.    Defendant's misrepresentations and material omissions of fact did directly and proximately cause Plaintiffs' damages claimed of herein.  Plaintiffs are also entitled to recover from Defendant compensatory damages, punitive damages, reasonable attorney's fees, and any other relief this Court deems just and proper.

## Count IV
## DECLARATORY AND EQUITABLE RELIEF
### (against all defendants)

113.    Plaintiffs incorporate by reference paragraphs 1 through 112 as if fully set forth herein.

114.    A true and justiciable dispute exists between the parties because Plaintiffs and the class were not afforded its opportunity to purchase the property under TOPA, and Defendant Vaughan McLean LLC did not have the legal right to sell the subject property to Defendant Vaughan Place, LLC.  Title is therefore under a cloud, and Plaintiffs, as the party with a statutory option to purchase the property, has standing to quiet title in the subject property.

115.    Plaintiffs must be declared to be the only potential purchaser of the subject properties, at a bona fide price, subject to the material terms of the third party contract between Vaughan McLean LLC and Vaughan Place, LLC.

116.    Title to the subject property must be restored to Defendant VAUGHAN MCLEAN LLC so as to enable the property to be sold to Plaintiff because Defendant Vaughan Place, LLC was not a *bona fide* purchaser; and Defendant Vaughan McLean LLC must be ordered to specifically perform, re-issue the proper TOPA notices, and accept any purchase contract tendered by Plaintiffs that match the material terms of the

contract with Vaughan Place, LLC.

117.    The security interests of BSPRT CRE FINANCE, LLC, BSPRT JPM LOAN,

LLC, and LAWYERS TITLE REALTY SERVICES INC., TRUSTEE must be voided

from the property, because they too were not *bona fide* purchasers and took their interests

in the properties with full knowledge of the buyer and seller's misclassification of the

property for purposes of avoiding TOPA.

118.    *In the alternative, a* constructive trust must be imposed on the subject property in

favor of Plaintiffs, and Defendants Vaughan Place, LLC and Vaughan Place LLC must

account for and disgorge all profits from rents received from the subject properties, as

well as any increase in the value of the subject properties, and pay the same to Plaintiffs.

119.    A constructive trust must be imposed on the subject property in favor of Plaintiff,

and Defendants Vaughan McLean LLC and Vaughan Place, LLC  must account for and

disgorge any payments, profits, commissions, or other remuneration paid for their

agreement to participate in the conspiracy to defraud Plaintiffs, or from the resultant real

estate transaction, and pay the same to Plaintiffs to reimburse it for its attorney's fees and

damages herein.

120.    All of the Defendants must be ordered to pay, jointly and severally, Plaintiff's

damages, including treble damages, punitive damages, and attorney's fees.

### Count V
### LEGAL AND EQUITABLE DAMAGES UNDER THE TENANT OPPORTUNITY TO PURCHASE ACT (TOPA)
### (against all defendants)

121.    Plaintiffs incorporate by reference paragraphs 1 through 120 as if fully set forth

herein.

122.    As aggrieved tenants, Plaintiffs may seek enforcement of any right or provision

under the Tenant Opportunity to Purchase Act through a civil action in law or equity, and, upon prevailing, may seek an award of costs and reasonable attorneys fees.

123.    Under TOPA, Plaintiffs had right to contract to purchase the individual residential buildings from Defendant Vaughan McLean LLC.

124.    The rights provided to Plaintiffs under TOPA nullified and extinguished the purported contract between Defendant Vaughan McLean LLC and Defendant Vaughan Place, LLC.

125.    Defendant Vaughan McLean LLC refused to negotiate in good faith with the Plaintiffs as required by TOPA.  As a result, Defendant Vaughan McLean LLC violated the provisions of the TOPA. Moreover, Defendant Vaughan Place, LLC is not a *bona fide* purchaser.

126.    Plaintiff's equitable remedy for this violation is to rescind the deed transfers between Vaughan McLean LLC and Vaughan Place, LLC and thereafter re-title the property in the name of Defendant Vaughan McLean LLC and require specific performance on Plaintiff's rights under TOPA.

127.    Specifically, Vaughan McLean LLC must re-issue the correct TOPA form – a Form A for a Housing Accommodation with 5 or more Units - to the Plaintiffs, based on the buildings that they each live in or lived in.

128.    The security interest claimed by BSPRT CRE FINANCE, LLC and BSPRT JPM LOAN, LLC on the property must be declared to be null and void because they were not bona fide purchasers.

129.    Defendant Vaughan McLean LLC must be ordered to re-issue the correct Offer of Sale to each of the named Plaintiffs and all members of the proposed class, and enjoin

Defendants from thereafter interfering with Plaintiffs' exercise of their rights under TOPA and to cease making statements and representations that may cloud title to the subject property or further denigrate Plaintiff's business reputation;

130.    In the alternative, Plaintiffs seeks the legal remedy of a monetary award of damages for the lost profit Plaintiffs would have made on the purchase of the property, the lost rental income Plaintiffs would have received had it purchased the property, and general damages for the loss of business reputation Plaintiffs sustained as a result of being unable to purchase the subject property.

**Count VI**
**<u>CLASS ACTION</u>**
**<u>(against all defendants)</u>**

131.    Plaintiffs incorporate by reference paragraphs 1 through 130 as if fully set forth herein.

132.    Class Plaintiffs KATHERINE DEMETRO, LINDA FEENEY, NICOLE LOY, KIM DICKENS, ARAMIS PENLAND, MADISON BRUMBAUGH, MARILYN TOMSIC, DAMALI BAXTER, KATE KOVAROVIC, BRITTANY BAINE, BRUNO MUSCOLINO, CLAIR SCHAUB, KONRAD SCOTT-LUDWIG, CHRISTOPHER A. HARRIS, SHAHRZAD RASTEGAR, TAMMY MACDONALD, SHAYDA SAFIKHANI, TOMÁS GONZÁLEZ GINESTET, JUSTIN CONGLETON, JESSICA SARKIS, VALERIE EVANS, MARIA EMANUEL, and MARLENE MARMOL bring this action on behalf of themselves and all others similarly situated as a class for the claims set out in Counts I through V of this Complaint.

133.    Class Plaintiffs seek to maintain this class action pursuant to Rule 23(b)(2) and (b)(3) of the DC. Superior Court Rules of Civil Procedure.

134.    In the alternative, this action may be maintained as a hybrid class pursuant to Rule 23(b)(2) and (c)(4).

135.    Because injunctive or declaratory relief is appropriate with respect to the class as a whole, Class Plaintiffs may seek such relief pursuant to Rule 23(b)(2).

136.    Because proposed Class Members have been injured by Defendants' Wrongful Conduct, Class Plaintiffs may seek relief pursuant to Rule 23(b)(3).

137.    In addition, the Court may certify an issue class pursuant to Rule 23(c)(4), which provides that "an action may be brought or maintained as a class action with respect to particular issues," while resolving on an individual basis the claims for damages that some of the proposed Class Members may have.

138.    Class Plaintiffs seek certification of a class action on behalf of the following class: All tenants who resided in Vaughan Place as of anytime between July 30 through August 2, 2021 in any unit then owned by Vaughan McLean LLC (the "Proposed Class").

139.    Ascertainability: The Proposed Class is readily ascertainable, and records and/or testimony should exist to determine the names and addresses of such tenants.

140.    Numerosity: Due to the sheer size of Vaughan Place and the estimated four hundred (400) units sold by Vaughan McLean LLC to Vaughan Place, LLC, based on information and belief, Class Plaintiffs believe there are at least 389 members of the Proposed Class, the exact number and their identities being known to Defendants.

141.    Typicality: Class Plaintiffs' claims are typical of the claims of the members of the Proposed Class. Class Plaintiffs and members of the Proposed Class sustained damages arising out of Defendants' common course of conduct in violation of D.C. law as alleged

herein. The damages and injuries of each member of the Proposed Class were directly

caused by Defendants' Wrongful Conduct in violation of the TOPA, the CPPA, the D.C.

Code, and Class Plaintiffs' and other Proposed Class members' leases.

142.    Commonality: There are questions of law and fact common to the claims of Class

Plaintiffs and other members of the Proposed Class, including, but not limited to:

> a.  Whether Defendants misclassified the nature of the property rented by Class
> Plaintiffs and members of the Proposed Class;
> b.  Whether Defendants failed to comply with TOPA for each such tenant;
> c.  Whether Defendants violated the Consumer Protection Procedures Act with
> respect to Class Plaintiffs and the other members of the Proposed Class
> members, see D.C. Code § 28-3901(a)(6);
> d.  Whether the conduct of Defendants, as alleged in this Complaint, caused injury
> to the Class Plaintiffs and the other members of the Proposed Class.

143.    Commonality Adequacy: Class Plaintiffs will fairly and adequately protect the

interests of the members of the Proposed Class. Class Plaintiffs' interests are aligned

with, and not antagonistic to, those of the other members of the Proposed Class. Class

Plaintiffs have retained counsel competent and experienced in the prosecution of class

actions to represent themselves and the Proposed Class.

144.    Predominance: With respect to a Rule 23(b)(3) class, questions of law or fact that

are common to the members of the Proposed Class predominate over any questions

affecting only individual members of the Proposed Class.

145.    Superiority: A class action is superior to other available methods for the fair and

efficient adjudication of this controversy. The prosecution of separate actions by

individual members of the Proposed Class would impose a heavy burden on the

courts, the individual members of the Proposed Class and Defendants, and would create

a risk of inconsistent or varying adjudications of the questions of law and fact common

to the claims of the members of the Proposed Class. A class action, on the other hand,

would achieve substantial economies of time, effort, and expense, and would assure uniformity of decision as to persons similarly situated. Absent a class action, it would likely not be feasible for the vast majority of the members of the Proposed Class to seek redress for the violations of law herein alleged.

**WHEREFORE,** for the reasons stated above, Plaintiff prays:

(A)    Enter a judgment of at least $14,586,169.00 against the Defendants, jointly and severally, and in favor of Plaintiffs and the Proposed Class;

(B)    Order Defendants to pay Plaintiff's reasonable attorney's fees and costs;

(C)    Enter an award in favor of Plaintiffs and the Proposed Class and against Defendants, jointly and severally, for punitive damages;

(D)    Enter an award in favor of Plaintiff and against Defendants, jointly and severally, for treble damages;

(E)    Declare the October 13, 2021 and November 4, 2021 title transfer of the subject property from to Defendant Vaughan McLean LLC to Defendant Vaughan Place, LLC, to be null and void, and restore title in said properties to Defendant Vaughan McLean LLC;

(F)    Declare the security interest claimed by BSPRT CRE FINANCE, LLC and BSPRT JPM LOAN, LLC on the property to be null and void;

(G)    Order Defendant Vaughan McLean LLC to re-issue the correct Offer of Sale to each of the named Plaintiffs and all members of the proposed class, and enjoin Defendants from thereafter interfering with Plaintiffs' exercise of their rights under TOPA and to cease making statements and representations that may cloud title to the subject property or further denigrate Plaintiff's business reputation;

(H)    Place a constructive trust on the subject property in favor of Plaintiffs, and order

## JURY DEMAND

Plaintiff hereby demands a jury on applicable counts.

Respectfully submitted,

/s/ Andrew McGuire

_____

Andrew P. McGuire, Esq. [442600]
In Rem PLLC
Counsel for Plaintiffs
810 7th Street NE
Suite 3B
Washington, D.C. 20002
(202) 618-34361 (office)
(202) 379-9500 (fax)
mcguireesquire@msn.com

Aristotle Theresa, Esq. [1014041]
Co-counsel for Plaintiffs
Stoop Law PLLC
1604 V Street SE
Washington DC 20020
(202) 651-1148