## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KATHERINE DEMETRO,** *et al.,* | |
| *On Behalf of Themselves and all Others Similarly Situated,* | |
| **Plaintiffs,** | **Case No. 1:24-cv-02199-APM** |
| **v.** | |
| **VAUGHAN MCLEAN, LLC,** *et al.,* | |
| **Defendants.** | |

---

### ANSWER AND AFFIRMATIVE DEFENSES OF
### DEFENDANT LAWYERS TITLE REALTY SERVICES, INC., TRUSTEE TO
### <u>PLAINTIFFS' FIRST AMENDED COMPLAINT</u>

Defendant Lawyers Title Realty Services, Inc., Trustee ("Lawyers Title" or "Defendant"), by and through undersigned counsel, hereby answers the correspondingly numbered paragraphs of the First Amended Complaint filed by the twenty-three named Plaintiffs in this matter, on behalf of themselves and all others similarly situated ("Plaintiffs"), by denying each and every allegation contained therein, except those which are specifically admitted below:

### <u>Jurisdiction</u>

1.      The allegations contained in Paragraph 1 of the Amended Complaint set forth Plaintiffs' legal conclusions concerning jurisdiction and venue to which no response is required.

## Parties

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Amended Complaint; therefore, the same are denied.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Amended Complaint; therefore, the same are denied.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Amended Complaint; therefore, the same are denied.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Amended Complaint; therefore, the same are denied.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Amended Complaint; therefore, the same are denied.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Amended Complaint; therefore, the same are denied.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Amended Complaint; therefore, the same are denied.

6180459v1

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Amended Complaint; therefore, the same are denied.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Amended Complaint; therefore, the same are denied.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Amended Complaint; therefore, the same are denied.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Amended Complaint; therefore, the same are denied.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Amended Complaint; therefore, the same are denied.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Amended Complaint; therefore, the same are denied.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Amended Complaint; therefore, the same are denied.

6180459v1

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Amended Complaint; therefore, the same are denied.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Amended Complaint; therefore, the same are denied.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Amended Complaint; therefore, the same are denied.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Amended Complaint; therefore, the same are denied.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Amended Complaint; therefore, the same are denied.

21.     Upon information and belief, Vaughan McLean LLC is a Delaware limited liability company, with its principal place of business in New York; therefore, the allegations contained in Paragraph 21 of the Amended Complaint are denied.

22.     Admitted upon information and belief.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Amended Complaint; therefore, the same are denied.

6180459v1

24.     Admitted that Lawyers Title is a Virginia corporation, with its principal place of business in Virginia, and that Lawyers Title is registered to conduct business in the District of Columbia.

## The Property At Issue

25.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 25; therefore, the same are denied.

26.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 26; therefore, the same are denied.

27.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 27; therefore, the same are denied.

28.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 28; therefore, the same are denied.

29.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 29; therefore, the same are denied.

30.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 30; therefore, the same are denied.

31.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 31; therefore, the same are denied.

32.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 32; therefore, the same are denied.

33.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 33; therefore, the same are denied.

6180459v1

**Facts**

34.    Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 34; therefore, the same are denied.

35.    Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 35; therefore, the same are denied.

36.    Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 36; therefore, the same are denied.

37.    Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 37; therefore, the same are denied.

38.    Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 38; therefore, the same are denied.

39.    Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 39; therefore, the same are denied.

40.    Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 40; therefore, the same are denied.

41.    Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 41; therefore, the same are denied.

42.    Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 42; therefore, the same are denied.

43.    Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 43; therefore, the same are denied.

6180459v1

44.     The District of Columbia Tenant Opportunity to Purchase Act speaks for itself and is the best evidence of its content. Lawyers Title denies the allegations set forth in this Paragraph to the extent they are inconsistent with the terms of the District of Columbia Tenant Opportunity to Purchase Act. The remainder of Paragraph 44 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

45.     Paragraph 45 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

46.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 46; therefore, the same are denied.

47.     The "Dear Tenant" cover letter speaks for itself and is the best evidence of its content. Lawyers Title denies the allegations set forth in this Paragraph to the extent they are inconsistent with the terms of the "Dear Tenant" cover letter. Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the remaining characterizations in Paragraph 47; therefore, the same are denied.

48.     Forms 1, 2 and 4 speak for themselves and are the best evidence of their content. Lawyers Title denies the allegations set forth in this Paragraph to the extent they are inconsistent with the terms of Forms 1, 2 and 4. Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the remaining characterizations in Paragraph 48; therefore, the same are denied.

49.     Forms 1, 2 and 4 speak for themselves and are the best evidence of their content. Lawyers Title denies the allegations set forth in this Paragraph to the extent they

are inconsistent with the terms of Forms 1, 2 and 4. The remainder of Paragraph 49 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

50.     Paragraph 50 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

51.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 51; therefore, the same are denied.

52.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 52; therefore, the same are denied.

53.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 53; therefore, the same are denied.

54.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 54; therefore, the same are denied.

55.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 55; therefore, the same are denied.

56.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 56; therefore, the same are denied. Paragraph 56 also states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

57.     The District of Columbia Tenant Opportunity to Purchase Act speaks for itself and is the best evidence of its content. Lawyers Title denies the allegations set forth in this Paragraph to the extent they are inconsistent with the terms of the District of

Columbia Tenant Opportunity to Purchase Act. Paragraph 57 also states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied. To the extent this paragraph otherwise makes factual allegations that require a response, Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 57; therefore, the same are denied.

58.     The District of Columbia Tenant Opportunity to Purchase Act speaks for itself and is the best evidence of its content. Lawyers Title denies the allegations set forth in this Paragraph to the extent they are inconsistent with the terms of the District of Columbia Tenant Opportunity to Purchase Act. The remainder of Paragraph 58 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

59.     Paragraph 59 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

60.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 60; therefore, the same are denied. Paragraph 60 also states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

61.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 61; therefore, the same are denied. Paragraph 61 also states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

62.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 62; therefore, the same are denied.

63.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 63; therefore, the same are denied.

64.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 64; therefore, the same are denied.

65.     The October 13, 2021 Deed of Trust speaks for itself and is the best evidence of its content. Lawyers Title denies the allegations set forth in this Paragraph to the extent they are inconsistent with the terms of the October 13, 2021 Deed of Trust. To the extent this paragraph otherwise makes factual allegations that require a response, Lawyers Title admits it was the named Trustee under the October 13, 2021 Deed of Trust. Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the remaining characterizations in Paragraph 65; therefore, the same are denied.

66.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 66; therefore, the same are denied. Paragraph 66 also states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

67.     Paragraph 67 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

68.     The November 3, 2021 Deed of Trust speaks for itself and is the best evidence of its content. Lawyers Title denies the allegations set forth in this Paragraph to the extent they are inconsistent with the terms of the November 3, 2021 Deed of Trust. To

the extent this paragraph otherwise makes factual allegations that require a response, Lawyers Title admits it was the named Trustee under the November 3, 2021 Deed of Trust. Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the remaining characterizations in Paragraph 68; therefore, the same are denied.

69.    Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 69; therefore, the same are denied. Paragraph 69 also states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

70.    Paragraph 70 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

71.    The July 16, 2024 Certificate of Satisfaction speaks for itself and is the best evidence of its content. Lawyers Title denies the allegations set forth in this Paragraph to the extent they are inconsistent with the terms of the July 16, 2024 Certificate of Satisfaction. To the extent this paragraph otherwise makes factual allegations that require a response, Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 71; therefore, the same are denied.

72.    The June 20, 2024 Complaint speaks for itself and is the best evidence of its content. Lawyers Title denies the allegations set forth in this Paragraph to the extent they are inconsistent with the terms of the June 20, 2024 Complaint. To the extent this paragraph otherwise makes factual allegations that require a response, Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 72; therefore, the same are denied.

73.     Admitted that the registered agent for Lawyers Title was served with the June 20, 2024 Complaint and a summons on June 27, 2024.

74.     The July 3, 2024 Lis Pendens speaks for itself and is the best evidence of its content. Lawyers Title denies the allegations set forth in this Paragraph to the extent they are inconsistent with the terms of the July 3, 2024 Lis Pendens. To the extent this paragraph otherwise makes factual allegations that require a response, Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 74; therefore, the same are denied.

75.     The July 5, 2024 Deed of Trust speaks for itself and is the best evidence of its content. Lawyers Title denies the allegations set forth in this Paragraph to the extent they are inconsistent with the terms of the July 5, 2024 Deed of Trust. To the extent this paragraph otherwise makes factual allegations that require a response, Lawyers Title admits it is the named Trustee under the July 5, 2024 Deed of Trust. Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the remaining characterizations in Paragraph 75; therefore, the same are denied.

76.     The July 15, 2024 Deed of Trust speaks for itself and is the best evidence of its content. Lawyers Title denies the allegations set forth in this Paragraph to the extent they are inconsistent with the terms of the July 15, 2024 Deed of Trust. To the extent this paragraph otherwise makes factual allegations that require a response, Lawyers Title admits it is the named Trustee under the July 15, 2024 Deed of Trust. Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the remaining characterizations in Paragraph 76; therefore, the same are denied.

77.     Paragraph 77 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

78.     Paragraph 78 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

79.     Lawyers Title lacks knowledge or information sufficient to form a belief as to the truth of the characterizations in Paragraph 79; therefore, the same are denied.

80.     Paragraph 80 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

81.     Paragraph 81 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

82.     Paragraph 82 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

83.     Paragraph 83 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

84.     Paragraph 84 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

85.     Paragraph 85 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

86.     Paragraph 86 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

87.     Paragraph 87 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

6180459v1

88.    Paragraph 88 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

89.    Paragraph 89 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

90.    Paragraph 90 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

91.    Paragraph 91 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

92.    Paragraph 92 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

93.    Paragraph 93 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

94.    Paragraph 94 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

95.    Paragraph 95 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

96.    Paragraph 96 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

97.    Paragraph 97 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

98.    Paragraph 98 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

**Count I**
**COMMON LAW FRAUD AND CIVIL CONSPIRACY**
**(against Defendants Vaughan McLean LLC and Vaughan Place, LLC)**

99.     No response required to incorporation of earlier paragraphs.

100.    The allegations of Paragraph 100 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

101.    The allegations of Paragraph 101 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

102.    The allegations of Paragraph 102 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

103.    The allegations of Paragraph 103 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

104.    The allegations of Paragraph 104 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

**Count II**
**VIOLATIONS OF THE DISTRICT OF COLUMBIA CONSUMER**
**PROTECTION PROCEDURES ACT**
**(against Defendant Vaughan McLean LLC)**

105.    No response required to incorporation of earlier paragraphs.

106.    The allegations of Paragraph 106 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

107.    The allegations of Paragraph 107 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

6180459v1

108.     The allegations of Paragraph 108 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

109.     The allegations of Paragraph 109 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

110.     The allegations of Paragraph 110 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

111.     The allegations of Paragraph 111 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

112.     The allegations of Paragraph 112 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

113.     The allegations of Paragraph 113 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

114.     The allegations of Paragraph 114 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

115.     The allegations of Paragraph 115 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

116.     The allegations of Paragraph 116 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

117.     The allegations of Paragraph 117 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

6180459v1

**Count III**
**DECLARATORY AND EQUITABLE RELIEF**
**(against all defendants)**

118.    No response required to incorporation of earlier paragraphs.

119.    Paragraph 119 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

120.    Paragraph 120 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

121.    Paragraph 121 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

122.    Paragraph 122 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

123.    Paragraph 123 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

124.    Paragraph 124 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

125.    Paragraph 125 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

**Count IV**
**LEGAL DAMAGES UNDER THE TENANT OPPORTUNITY TO PURCHASE**
**ACT (TOPA)**
**(against Defendants Vaughan McLean LLC and Vaughan Place, LLC)**

126.    No response required to incorporation of earlier paragraphs.

127.     The allegations of Paragraph 127 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

128.     The allegations of Paragraph 128 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

129.     The allegations of Paragraph 129 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

130.     The allegations of Paragraph 130 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

131.     The allegations of Paragraph 131 are directed to other Defendants, not Lawyers Title. To the extent that a response is deemed required, denied.

**Count V**
**CLASS ACTION**
**(against all defendants)**

132.     No response required to incorporation of earlier paragraphs.

133.     The allegations contained in Paragraph 133 set forth Plaintiffs' characterization of this action, conclusions of law and/or requests for relief, to which no response is required. To the extent that a response is deemed required, denied.

134.     The allegations contained in Paragraph 134 set forth Plaintiffs' characterization of this action, conclusions of law and/or requests for relief, to which no response is required. To the extent that a response is deemed required, denied.

135.     The allegations contained in Paragraph 135 set forth Plaintiffs' characterization of this action, conclusions of law and/or requests for relief, to which no response is required. To the extent that a response is deemed required, denied.

6180459v1

136.    Paragraph 136 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

137.    Paragraph 137 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

138.    Paragraph 138 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

139.    Paragraph 139 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

140.    Paragraph 140 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

141.    Paragraph 141 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

142.    Paragraph 142 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

143.    Paragraph 143 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

144.    Paragraph 144 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

145.    Paragraph 145 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

146.    Paragraph 146 states a legal conclusion to which no response is required from Lawyers Title. To the extent that a response is deemed required, denied.

6180459v1

The allegations contained in Plaintiffs' prayer for relief set forth Plaintiffs' characterization of this action, conclusions of law and/or requests for relief, to which no response is required. To the extent that a response is deemed required, denied.

**WHEREFORE**, Lawyers Title respectfully requests, after due proceedings are had, that this Court grant judgment in its favor:

a.  awarding to Lawyers Title any recoverable costs of this action, including reasonable attorneys' fees; and

b.  for all such other relief as may appear just and proper to the Court.

## FIRST DEFENSE

Plaintiffs have failed to state any claim upon which relief can be granted against Lawyers Title.

## SECOND DEFENSE

Plaintiffs' claims are precluded by the doctrine of unclean hands.

## THIRD DEFENSE

Plaintiffs' claims are precluded by the doctrines of waiver and/or estoppel.

## FOURTH DEFENSE

Plaintiffs' claims are precluded because the units at issue unambiguously constitute single-family accommodations under D.C. Code § 42-3401.03(16A).

## FIFTH DEFENSE

Plaintiffs' claims are precluded under the doctrine of laches.

**SIXTH DEFENSE**

Plaintiffs' claims are precluded because only tenant organizations can bring TOPA claims for housing accommodations with five or more units under D.C. Code § 42-3404.11.

**SEVENTH DEFENSE**

Plaintiffs' claims are precluded by their failure to mitigate damages, if any.

**EIGHTH DEFENSE**

Plaintiffs' claims are precluded by the doctrine of release.

**NINTH DEFENSE**

Plaintiffs are not entitled to legal or equitable relief regarding any property for which they are not the rightful owner.

**TENTH DEFENSE**

Plaintiffs' claims are precluded as a result of their own conduct, and/or the conduct of their agents, representatives, or consultants.

**ELEVENTH DEFENSE**

Plaintiffs' claims are precluded by the statute of limitations.

**TWELFTH DEFENSE**

Plaintiffs' claims are precluded as a legal impossibility.

**THIRTEENTH DEFENSE**

Plaintiffs' are precluded under D.C. Code § 42-3405.03b(a) from pursuing the Instant Case.

21

## FOURTEENTH DEFENSE

Lawyers Title intends to rely upon all other defenses as are developed through discovery and/or are provable at trial. Lawyers Title further reserves the right to assert such other and further defenses as may become apparent or available during pretrial proceedings.

Date:  December 10, 2024                    Respectfully submitted,

*/s/ Nathan J. Bresee*
Nathan J. Bresee, Esq. (No. 991640)
Brian W. Thompson, Esq. (No. 496467)
Jackson & Campbell, P.C.
2300 N Street NW, Suite 300
Washington, D.C. 20037
(202) 457-1600
nbresee@jackscamp.com
bwthompson@jackscamp.com
*Counsel for Defendant*
*Lawyers Title Realty Services, Inc., Trustee*

6180459v1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 10th day of December 2024, I filed the foregoing Answer and Affirmative Defenses of Lawyers Title Realty Services, Inc., Trustee to Plaintiffs' First Amended Complaint, which will send a notification of such filing (NEF) to the counsel for the parties listed below.

Andrew P. McGuire, Esq.
*Counsel for Plaintiffs*

Aristotle Theresa, Esq.
*Co-Counsel for Plaintiffs*

Constantinos Panagopoulos, Esq.
Sarabeth Rangiah, Esq.
Ballard Spahr, LLP
*Attorneys for Defendants Vaughan McLean LLC*

Kyra A. Smerkanich, Esq.
Robert C. Gill, Esq.
Jason W. McElroy, Esq.
*Attorneys for Defendant Vaughan Place LLC*

*/s/ Nathan J. Bresee*
Nathan J. Bresee